UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:     BRAD G. McCLELLAND,

    Debtor.

                                            Civil No. 06-11770-DT
                                            HON. MARIANNE O. BATTANI
COMERICA BANK,
    Plaintiff/Appellant,               Bankruptcy No.  05-54684

v.
                                            Adversary No.  05-5682
BRAD G. McCLELLAND,                  Hon. Thomas J. Tucker

    Defendant/Appellee.

_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY DECISION**

      This matter is before the Court on Comerica Bank's ("Comerica") appeal of the Bankruptcy Court's Order of Judgment, which granted judgment to Brad McClelland. The Court has reviewed the pleadings submitted herein and finds that oral argument is not necessary to resolve this appeal. See E.D. MICH. L.R. 7.1(g)(2). For the reasons that follow, the Bankruptcy Court's April 4, 2006, Judgment shall be, and hereby is, **AFFIRMED**.

**I. BACKGROUND**

      The relevant facts are undisputed. Defendant Brad McClelland was selling a classic automobile on the internet. He reached an agreement with Smith Williams, who represented himself as a used equipment dealer, to sell the car for $10,700. Smith Williams told McClelland that he had a cashiers check in the amount of $15,700, from a prior transaction that did not go through, and he sent the cashiers check to McClelland with

instructions to send the difference between the purchase price and the amount of the check to a third party, Ken Charles.

On September 19, 2003, McClelland deposited check number 579882263, which purported to be an official check issued by Tinker Federal Credit Union and drawn on Bank One Colorado, N.A., into his Comerica bank account. The teller processed the check though the non-magnetic ink character recognition system ("non-MICR system"), which indicted that magnetic ink was used, and the check probably was original. McClelland received $6,000 from the proceeds and subsequently wired $5,000 to Ken Charles. On September 22, 2003, McClelland withdrew $9,000 from the proceeds of the check. Three days later, check number 579882263 was returned unpaid as a counterfeit check.

Comerica filed an Adversary Complaint Objecting to Discharge of Debt owed to it. On appeal, Comerica asserts that the debt was exempt from discharge under 11 U.S.C. § 523(a)(2)(A). According to Comerica, Defendant's fraudulent statements and actions caused it to release assets to McClelland, and McClelland wrongfully obtained the funds under false pretenses. It filed a motion for summary judgment, which the Bankruptcy Court denied on February 22, 2006. On May 3, 2006, the Bankruptcy Court decided the matter on the stipulated facts and exhibits, and awarded judgment to McClelland.

## II. STANDARD OF REVIEW

This Court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. See In re Holland, 151 F.3d 547, 548 (6th Cir. 1998); Bankruptcy Rule 8013 ("[the bankruptcy court's] findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous").

## III.  ANALYSIS

District courts have jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges.  See 28 U.S.C. § 158(a)(1).  The issue on appeal is whether the Bankruptcy Court's discharge of McClelland's debt to Comerica violates 11 U.S.C. § 523(a)(2)(A).

Section 523 of the Bankruptcy Code addresses exceptions to discharge of debts.  Specifically, 11 U.S.C. § 523(a)(2)(A) prohibits discharge of a debt obtained by "false pretenses, a false representation, or actual fraud. . . ."  A creditor must establish four elements to succeed in its challenge on this basis.  First, the creditor must establish that "the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth."  Longo v. McLaren, 3 F.3d 958, 961 (6th Cir. 1993).  Second, the creditor must establish that the debtor intended to deceive the creditor.  Id.  Third, the creditor must establish that it justifiably relied on the false representation.  Field v. Mans, 516 U.S. 59 (1995).  Finally, the creditor must establish that its reliance was the proximate cause of the loss.  Longo, 3 F.3d at 961.  To except a debt from discharge, a creditor must prove each of these elements by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 291 (1991).

Comerica advances several arguments in support of its position that the Bankruptcy Court erred.  Initially, it contests the standard employed in this Circuit in assessing whether a false representation occurred.  Next, it suggests that a breach of the presentment and transfer warranties under the Uniform Commercial Code constitutes gross recklessness as a matter of law and a statutory violation, in and of itself, should be deemed sufficient to satisfy Section 523(a)(2)(A).  Finally, Comerica argues that the Bankruptcy Court erred in

3

failing to find that McClelland was a joint tortfeasor and, therefore, liable for the debt. The Court discusses each argument below.

### A. Applicable Standard

The Court rejects Comerica's contention that when dischargeability is based on a false representation, a creditor's burden should be limited to proof that the debtor made the representation with gross recklessness as to the truth, not that the debtor intended to deceive the creditor. This Court is not free to ignore binding authority of the Sixth Circuit. Nor do the facts of this case provide a basis for the Court to distinguish that authority. The Court has reviewed the record. The evidence fails to show that McClellan knew that the check was counterfeit when he presented it. The check appeared to be an official check. See Trial Tr. at 14. Further, the record contains no evidence of intent to deceive on the part of McClellan.

### B. Applicability of the UCC

In the alternative, Comerica asserts that the standard is met because McClellan violated provisions of the Uniform Commercial Code when he presented the check, endorsed it, and deposited it into his account. Under Comerica's theory, the implied warranties set forth in the Uniform Commercial Code amount to representations by McClelland that were false. See MICH.COMP.LAWS §§ 440.3416(1)(a)-(c), 440.3417(1)(a)-(c), 440.4207(1)(a)-(c), and 440.4208(1)(a)-(c). Comerica adds that McClelland made this representations with gross recklessness as to the truth, and concludes that such violations constitute a violation of § 523(a)(2)(A) of the bankruptcy code as a matter of law.

The Court rejects this argument, which is advanced without any recitation of authority. As previously stated, the Sixth Circuit Court of Appeals requires that intent be

4

established by a preponderance of evidence, and none has been shown here. McClelland received the cashiers check, which appears legitimate on its face. Trial Tr. at 17. The check successfully passed through the non-MICR system. McClelland wired money from his account as instructed by the purchaser. There is no evidence supporting even an inference that McClelland knew that the check was counterfeit.

### C. Joint tortfeasor

Finally, Comerica asks the Court to impute the wrongdoing of Smith Williams and Ken Charles to McClelland. According to Comerica, McClelland's actions in the business transactions were a necessary part of committing the fraud: Had he not deposited the check into the account, the fraudulent scheme of depositing a counterfeit check would not have been accomplished.

Here the Bankruptcy Court made no finding that McClellan was part of the fraud, or that he intended to commit fraud. This finding is not clearly erroneous. Consequently, the Court rejects this argument as well.

## IV. CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the Bankruptcy Court's award of judgment to McClelland.

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani  
                                      MARIANNE O. BATTANI  
                                      UNITED STATES DISTRICT JUDGE

Date:  <u>September 29, 2006</u>

## CERTIFICATE OF SERVICE

    A copy of this Order was mailed and/or electronically filed to Lawrence Reinhold and Brad McClelland on this date.

                                  s/Bernadette M. Thebolt
                                  Deputy Clerk